UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DANIEL BLAKE EDWARDS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 2:12-CR-59-JRG-MCLC-1 |
| | ) | 2:16-CV-137-JRG |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is the United States's motion to deny and dismiss Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 40]. Petitioner submitted the petition on May 23, 2016 [Docs. 27, 31, 33, 41].[1] In it, he challenges his enhancement under Section 2K2.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the residual clause in Section 4B1.2 is equally vague)].[2]

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of determining whether Petitioner was entitled to collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). E.D. Tenn. S.O. 16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition challenging Petitioner's offense level [Doc. 27]. Petitioner filed several pro se supplements [Docs. 31, 33, 41].

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause");

## I. BACKGROUND

On April 4, 2012, law enforcement officers found nineteen firearms in Petitioner's residence while investigating Petitioner for burglary and selling firearms [Presentence Investigation Report (PSR) ¶¶ 5–10]. He later pled guilty to possessing firearms as a felon, in violation of 18 U.S.C. § 922(g)(1), which subjected him to a statutory penalty range of up to ten years' imprisonment under 18 U.S.C. § 924(a)(2) [*Id.* ¶ 48; Docs. 12, 14].

Based on a prior Tennessee conviction for burglary, the United States Probation Office assigned Petitioner a base offense level of twenty pursuant to Section 2K2.1(a)(2) [PSR ¶¶ 15, 30]. A four-level enhancement for possessing at least eight firearms [*Id.* ¶ 16], two-level enhancement for possessing stolen firearms [*Id.* ¶ 17], four-level enhancement for possessing the firearms in connection with the felony offense of aggravated burglary [*Id.* ¶ 18], and three-level reduction for acceptance of responsibility [*Id.* ¶¶ 24–25], yielded a total offense level of 27 [*Id.* ¶ 26]. That offense level resulted in an advisory Guideline range of 87 to 108 months' imprisonment when combined with Petitioner's criminal history category of III [*Id.* ¶ 49]. This

---

or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). USSG § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. USSG § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. USSG § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* USSG §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

Court imposed an 87-month sentence on April 24, 2013 [Doc. 21]. Petitioner did not file a direct appeal.

The Supreme Court decided *Johnson* on June 26, 2015. Less than one year later, Petitioner filed the instant challenge based on that decision [Doc. 27]. On October 7, 2016, Petitioner filed a supplement challenging this Court's subject matter jurisdiction [Doc. 27 (requesting leave to amend); Doc. 33 (claiming that this Court lacked jurisdiction over his criminal case because, "though the firearms may have been manufactured in other states[,] Petitioner has never traveled in interstate commerce to have transported any of those firearms into the state of Tennessee")].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 38].

On March 31, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge to his base offense level in light of *Beckles* [Doc. 40], and FDSET filed a motion to withdraw as counsel [Doc. 39 (explaining that counsel cannot further pursue a motion to vacate under *Johnson* according to the limited appointment authorization provided by the Standing Order)]. In response, Petitioner submitted: (1) a supplement challenging his Guideline enhancement based on *Mathis v. United States*, 136 S.Ct. 2243 (2016) [Doc. 41]; and

3

(2) arguing that *Beckles* does not foreclose relief based on the absence of jurisdiction or *Mathis* [Doc. 42].[3]

## II.     REQUEST TO WITHDRAW

Because *Beckles* forecloses any possibility of *Johnson*-based relief, the request to withdraw [Doc. 39] will be **GRANTED** and counsel will be relieved of her duties under the Standing Order.

## III.    TIMELINESS OF SUPPLEMENTED PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).  This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th

---

[3]     In *Mathis*, the Supreme Court held that: (1) a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the ACCA if an element of the crime of conviction is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former; and (2) Iowa's burglary statute—which defines "structure" to include any building, structure, [or] land, water, or air vehicle"—had a broader locational component than generic burglary. 136 S. Ct. at 2247–48, 53–54. Because the "structure" element of Iowa's burglary statute was broader than the parallel element of generic burglary, the Court concluded that the petitioner's prior convictions were incapable of supporting enhancement under the enumerated-offense clause. *Id.* at 2257.

Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. i.e., he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of the supplemented petition depends on whether submission of the grounds for relief therein complied with subsections (f)(1) and (f)(3).

A. **Timeliness of Supplemented Petition Under Subsections (f)(1) and (f)(3)**

For purposes of subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, [direct review concludes] upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's conviction became final on May 3, 2013, fourteen days after this Court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen] days after . . . the entry of . . . judgment."). The window for requesting relief under that subsection expired on May 3, 2014, two years before submission of the *Johnson*-based claim [Doc. 27], two-and-a-half years before Petitioner challenged this Court's subject matter jurisdiction [Docs. 31, 33], and almost three years before he challenged his offense level based on *Mathis* [Doc. 41].

5

To the extent Petitioner relies on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as justification for submitting the petition and supplements after May 3, 2014, only his claim for collateral relief based on *Johnson* even arguably satisfies the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition).

By contrast, Petitioner's *Mathis*-based challenge does not assert a newly recognized right and thus cannot rely on the one-year filing window under subsection (f)(3). *Mathis* involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599 (1990), and refined in *Descamps v. United States*, 133 S. Ct. 2276 (2013), to a new set of facts. *See Mathis*, 136 S. Ct. at 2281 (citing "longstanding principles" and noting that prior "cases involving the modified categorical approach [had] already made exactly [the same] point"); *Id.* at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of the ACCA involves, and involves only, comparing elements."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a newly recognized right within the scope of § 2255(f)(3). *See, e.g.*, *Henderson v. United States*, No. 16-00572, 2016 WL 4967898, at *2 (W.D. Mo. Sept. 16, 2016) ("[The] *Mathis* [decision] does not present a new rule or procedure."); *Leone v. United* States, No. 95-00960, 2016 WL 4479390, at *8–9 (S.D. Fla. Aug.

6

24, 2016) (noting that the *Mathis* decision did not articulate a "new rule" within the meaning of subsection (f)(3)). Similarly, Petitioner's challenge to this Court's subject matter jurisdiction does not rely on a newly created right. Timeliness of those claims depend on tolling of subsection (f)(1).

      **B.**      **Equitable Tolling of Subsection (f)(1)**

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the petition, reply, and supplements does not reveal any extraordinary circumstance justifying Petitioner's failure to challenge this Court's jurisdiction or the divisibility of Tennessee's burglary statute within the one-year window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) absent evidence of a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention

transfers and an illness). Because both theories for collateral relief are untimely, they will be dismissed.

## IV. MOTION TO DISMISS WITH PREJUDICE

The supplemented petition contains a single timely collateral challenge: *Johnson* invalidated the identically worded residual clause in Section 4B1.2, Petitioner's prior Tennessee burglary conviction only qualified as a crime of violence under that provision, and he no longer qualifies for base offense level enhancement under Section 2K2.1 [Docs. 27, 31, 33, 41].

### A. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Application of Section 2K2.1(a)(2) Enhancement After *Johnson*

To the extent that Petitioner argues that *Johnson* invalidated the Guidelines residual clause and that his prior burglary conviction cannot be categorized as a crime of violence without that provision, that argument fails because the Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* did not affect his base offense level under Section 2K2.1(a)(2), that decision cannot serve as a basis for granting relief. Further,

8

divisibility of that burglary statute under *Mathis* is irrelevant since viability of the residual provision means that the conviction categorically qualifies as a crime of violence under the combined scope of the Guidelines enumerated-offense, use-of-physical-force, or residual clauses.[4]

## V. CONCLUSION

For the foregoing reasons, the United States's motion to deny and dismiss [Doc. 40] will be **GRANTED** and Petitioner's supplemented § 2255 petition [Docs. 27, 31, 33, 41] will be **DENIED** and **DISMISSED WITH PREJUDICE**. FDSET's request to withdraw as counsel [Doc. 39] will be **GRANTED**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[4] To determine whether a particular offense qualifies as a crime of violence under Section 4B1.1, courts must first identify the precise crime of conviction. *Descamps*, 133 S. Ct. at 2285. They do so by employing a "categorical approach," under which courts look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If violation invariably satisfies one or more of the clauses in Section 4B1.2, then the conviction categorically qualifies as a crime of violence and the courts' task is complete. It is only when the statute criminalizes superfluous conduct that courts must determine whether the statute is divisible or indivisible.